J-S39013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEAN SAXON | : | |
| | : | |
| Appellant | : | No. 818 EDA 2020 |

Appeal from the PCRA Order Entered February 13, 2020
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0002168-2005

BEFORE:   LAZARUS, J., OLSON, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 04, 2020**

Jean Saxon appeals, *pro se*, from the order, entered in the Court of Common Pleas of Bucks County, denying as untimely her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.

On November 21, 2005, a jury convicted Saxon of first-degree murder,[1] possession of a controlled substance,[2] theft by unlawful taking,[3] and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

[2] 35 P.S. § 780-113(a)(16).

[3] 18 Pa.C.S.A. § 3921.

tampering with physical evidence[4] following her estranged husband's death from an insulin overdose. The court sentenced Saxon to life in prison.[5] Saxon filed post-sentence motions, which the court denied on May 23, 2006. This Court affirmed Saxon's judgment of sentence on August 31, 2007, *Commonwealth v. Saxon*, 935 A.2d 21 (Pa. Super. 2007) (Table), and our Supreme Court denied her request for allowance of appeal on December 20, 2007. *Commonwealth v. Saxon*, 940 A.2d 364 (Pa. 2007) (Table).

On April 23, 2008, Saxon filed her first *pro se* PCRA petition, followed by three supplemental petitions. The PCRA court appointed counsel, who filed an amended petition, which the court denied on May 18, 2012. Saxon appealed, and this Court affirmed the denial of PCRA relief on February 26, 2013. *Commonwealth v. Saxon*, 1816 EDA 2012 (Pa. Super. 2013) (unpublished memorandum decision). Saxon filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied. *Commonwealth v. Saxon*, 79 A.3d 1098 (Pa. 2013) (Table).

On November 14, 2013, Saxon filed her second *pro se* PCRA petition, which the court denied on February 24, 2014. This Court affirmed the order denying the petition on July 9, 2014, *Commonwealth v. Saxon*, 587 EDA

---

[4] 18 Pa.C.S.A. § 4910(1).

[5] The court additionally sentenced Saxon to nine months to seven years' imprisonment for theft by unlawful taking and one to six months' imprisonment for possession of a controlled substance. No further penalty was imposed for tampering with evidence. All sentences were ordered to run consecutively.

- 2 -

2014 (Pa. Super. 2014) (unpublished memorandum decision), and denied application for reargument on September 3, 2014. On October 17, 2014, Saxon filed an untimely petition for allowance of appeal to our Supreme Court.

On October 22, 2014, Saxon filed a *pro se* petition for writ of habeas corpus in the United States District Court, which was denied on June 15, 2015. The Third Circuit Court of Appeals denied Saxon's request for certificate of appealability on February 5, 2016, and the United States Supreme Court denied her petition for writ of certiorari on October 11, 2016.

On October 12, 2017, Saxon, again acting *pro se*, filed a third PCRA petition, and on December 18, 2017, she filed her fourth. The court denied both petitions on July 9, 2018. On September 13, 2018, Saxon filed her fifth PCRA petition, which the court denied on October 2, 2018. Saxon did not appeal the PCRA court's denials of any of those petitions.

On January 14, 2019, Saxon filed the instant PCRA petition, her sixth. On February 6, 2019, Saxon filed an amended petition wherein she argues that her convictions should be overturned on the basis of her innocence, as evidenced by newly-discovered facts. Saxon claims that her newly-discovered facts consist of two letters authored by Dr. Lawrence C. Kenyon, M.D., Ph.D., wherein Dr. Kenyon states his opinion that the autopsy performed on the victim did not sufficiently rule out alternative causes of death, and that the credibility of other evidence is in doubt. **See** Letters from Lawrence C. Kenyon, M.D., Ph.D., 12/24/18; 1/17/19. The court appointed PCRA counsel, Patrick J. McMenamin, Jr., Esquire, on February 26, 2019. On July 2, 2019,

Attorney McMenamin sent Saxon a no-merit letter, and filed a motion to withdraw, pursuant to **Turner**/**Finley**.[6]  On August 21, 2019, Saxon filed her response to Attorney McMenamin's no-merit letter, asserting only that the PCRA's jurisdictional time limits are unconstitutional.  On August 29, 2019, the Commonwealth filed a motion to dismiss Saxon's petition, and on September 27, 2019, Saxon filed her *pro se* reply.  **See** Answer to Government's Motion to Dismiss, 9/27/19, at [1-2].  On December 30, 2019, the PCRA court entered its notice of intent to dismiss Saxon's petition and grant counsel's motion to withdraw.  **See** Pa.R.Crim.P. 907.  Saxon did not file a response to the court's notice.  On February 13, 2020, the court entered an order dismissing the petition without a hearing and granting counsel's motion to withdraw.  Saxon filed a *pro se* notice of appeal on March 2, 2020. Both Saxon and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Saxon raises the following claims for our review, which we have re-ordered for ease of disposition:

(1)     Whether the reports of [Dr.] Lawrence Kenyon from December 2018[,] offering his expert opinion that the alleged cause of death is doubtful[,] and the opinion of the prosecution expert[,] [Dr.] Ian Hood, [M.D.,] is highly questionable, are new evidence which trigger the time bar exception found in [42 Pa.C.S.A. §§] 9545(a)(1)(ii) and [(b)(2)]?

---

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (established procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc) (same).

> (2)     Whether [Saxon] used due diligence to the extent capable in that she was trapped in prison and is unable to access medical evidence and new developments and is untrained in law?
>
> (3)     Whether the reports of Dr. [Lawrence] Kenyon constitute newly[-]discovered and available facts and evidence that are exculpatory in nature pursuant to [42 Pa.C.S.A. §] 9543(a)(2)(vi)?[7]
>
> (4)     Whether [Saxon] is actually innocent of the allegations and crimes charged based on the expert[']s report of [Dr.] Lawrence Kenyon, [] in consultation with [Dr.] Serge [Jabbour], M.D.?
>
> (5)     Whether [there was] ineffective assistance of counsel, in that counsel never inquired into whether [Saxon's trial lawyer,] John [F. Fioravanti, Jr., Esquire,] or Dr. [Ian] Hood

_____

[7] We note that Saxon's claim refers to newly-discovered facts, *see* 42 Pa.C.S.A. § 9545(b)(1)(ii), and after-discovered evidence, *see* 42 Pa.C.S.A. § 9543(a)(2)(vi), which are separate and distinct. Our Supreme Court recently reiterated how these concepts differ:

> To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to [her] and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (citation omitted). Here, Saxon has not met the exception for the time bar; therefore, there is no jurisdiction to address the issue of after-discovered evidence. ***See Commonwealth v. Cox***, 146 A.3d 221, 227-30 (Pa. 2016) (appellant must invoke PCRA court's jurisdiction prior to review of eligibility for relief under subsection 9543(a)(2)(vi)).

> [] were aware of the FBI laboratory report because they did not know if there is a **Brady**[8] violation in not giving evidence that would be helpful to the defense case, and whether their awareness of the FBI report means that the trial was fundamentally unfair?

Appellant's Brief, at 1.

Before we reach the merits of Saxon's claims, we note that:

> [a] second or subsequent request for PCRA relief will not be entertained unless the petitioner presents a strong *prima facie* showing that a miscarriage of justice may have occurred. The PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed. It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies.

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1267-68 (Pa. 2008)

(internal citations omitted). With regard to the PCRA's time limits, we have

stated that:

> [u]nder the PCRA, any petition including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

**Commonwealth v. Diggs**, 220 A.3 1112, 1116-17 (Pa. Super. 2019)

(internal citations, quotation marks, and brackets omitted). However, there

are three exceptions to the PCRA's time requirements: (1) interference by

government officials; (2) newly-discovered facts; and (3) an after-recognized

constitutional right. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must

---

[8] **Brady v. Maryland**, 373 U.S. 83 (1963).

bring her claimed exception within one year of the date her claim could have first been raised.[9]  **See** 42 Pa.C.S.A. § 9545(b)(2).

In order to overcome the PCRA's jurisdictional hurdle, under the newly-discovered facts exception, **see** 42 Pa.C.S.A. § 9545(b)(1)(ii), the petitioner "must establish that:   (1) the **facts** upon which the claim was predicated were **unknown**[;] and (2) could not have been ascertained by the exercise of **due diligence**.  If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under [section 9545(b)(1)(ii)]." **Commonwealth v. Brown**, 111 A.3d 171, 177 (Pa. Super. 2015) (citing **Commonwealth v. Bennett**, 930 A.2d 1264, 1272 (Pa. 2007)) (emphasis in original).  Also, our Supreme Court has previously reasoned that, because an "expert's change of opinion from that given at trial, which is based merely on the examination of additional information that was available at the time the initial opinion was proffered," does not amount to newly-discovered facts,[10] "a completely new opinion uncovered after trial" also does not come within the newly-discovered fact exception.  **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 786 (Pa. 2000).  Finally, the Court has

_____

[9] On October 24, 2018, the General Assembly amended subsection 9545(b)(2) to enlarge the time in which a petitioner may invoke a PCRA time-bar exception from 60 days to one year from the date the claim arises.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. However, the amendment applies only to claims arising on December 24, 2017, or thereafter.  **Id.** at § 3.  In this case, Saxon argues her claims arise from the letters authored by Dr. Kenyon on December 24, 2018 and January 17, 2019.

[10] **See Commonwealth v. Cross**, 726 A.2d 333, 335-36 (Pa. 1999).

clarified that "the newly-discovered facts exception is not focused on new[ly] discovered or newly willing sources for 'facts' that were already known." *Commonwealth v. Marshall*, 947 A.2d 714, 721-22 (Pa. 2008) (emphasis omitted).

Here, Saxon's judgment of sentence became final on December 26, 2008, the date by which Saxon could have filed a petition for writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3), U.S. S. Ct. R. 13. Saxon filed the instant petition on January 14, 2019, more than ten years after her judgment of sentence became final. Therefore, she must plead and prove an exception to the one-year time bar in order to invoke this Court's jurisdiction. *See* 42 Pa.C.S.A. § 9545(b)(1).

Here, Saxon failed to plead and prove any exception to the PCRA's time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). We note that Dr. Kenyon formulated his opinion after reviewing a page from the search warrant, five pages of the victim's medical records, four pages of the victim's laboratory results, a single page from the FBI report dated September 7, 2005, Dr. Hood's four-page autopsy report, and the victim's death certificate. Doctor Kenyon's opinion cannot be said to be based on "unknown facts," *Brown*, *supra*, since all of these documents were available to Saxon at the time of trial. *See also Commonwealth v. Johnson*, 863 A.2d 423, 427 (Pa. 2004) ("[A] witness' admission of evidence previously available to a petitioner cannot resurrect an untimely PCRA claim as such a result would clearly run contrary to the plain language of the exception that the **facts** upon which the

claim is predicated were unknown to the petitioner[.]") (internal quotation marks omitted; emphasis in original). Further, Dr. Kenyon's opinion is "a completely new opinion uncovered after trial," rendering Saxon's claims ineligible for the newly-discovered facts exception.[11] *Gamboa-Taylor*, *supra*. Moreover, given that Dr. Kenyon's opinions rely on documents available to Saxon at the time of her trial, his opinion clearly falls under the category of a "newly willing source[] for facts that were already known." *Marshall*, *supra*. Therefore, Saxon's petition fails to qualify for the newly-discovered facts exception. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). As a result, Saxon has failed to invoke this Court's jurisdiction to hear the merits of her appeal. *See Abu-Jamal*, *supra*.

Order affirmed.[12]

---

[11] We note that the reasoning of *Gamboa-Taylor* applies, whether or not the expert who proffers a new opinion previously testified at trial, since the newly-discovered facts exception is concerned with the *substance* of the facts, and not the *source* of the opinion. *Marshall*, *supra*.

[12] Finally, we note that Saxon's challenges to the sufficiency of the evidence and her claims of ineffective assistance of counsel are ineligible for relief. Saxon failed to raise these claims in her PCRA petition, her amended petition, in an answer to Attorney McMenamin's no-merit letter, her reply to the Commonwealth's motion to dismiss her petition, or in an answer to the PCRA court's Rule 907 notice. These claims may not be raised for the first time on appeal. *See Commonwealth v. Bond*, 819 A.2d 33, 52 (Pa. 2002) ("Permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitation and serial petition restrictions of the PCRA."). Additionally, a challenge to the sufficiency of the evidence is not a cognizable claim under the PCRA. *See Commonwealth v. Price*, 876 A.2d 988, 995 (Pa. Super. 2005) ("Generally, an appellant may

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/20

---

not raise allegations of error in an appeal from the denial of PCRA relief as if [she] were presenting the claims on direct appeal.") Moreover, Saxon raised a challenge to the sufficiency of the evidence and claimed ineffective assistance of counsel in her direct appeal, and in previous collateral appeals. **See Commonwealth v. Saxon**, 1622 EDA 2006 (Pa. Super. 2007) (unpublished memorandum decision); **Commonwealth v. Saxon**, 1816 EDA 2012 (Pa. Super. 2013) (unpublished memorandum decision). To the extent Saxon's claims raise arguments that have been previously litigated, **see** 42 Pa.C.S.A. § 9544(a) (Previous litigation.), and to the extent Saxon's claims raise arguments that have not been heard "before trial, at trial, [] on appeal or in a prior state post[-]conviction proceeding[,]" **see** 42 Pa.C.S.A. § 9544(b) (Issues waived.), these claims are ineligible for relief. **See** 42 Pa.C.S.A. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated or waived."). Saxon has failed to plead and prove that any of her arguments were not previously litigated or waived. Therefore, no relief is due.

- 10 -